**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

James P. Segall-Gutierrez, Esq. (SBN 240439)
**LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ**
301 W. Mission Blvd., Suite 8
Pomona, California 91766
(562) 321-5950
jpsglaw@gmail.com

Attorneys for Plaintiff Billy Trueheart

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY TRUEHEART,<br><br>   Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; EDWIN BAEZA; RUDY ALVARADO; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Unlawful Seizure Of Person (U.S. Const. Amend. 4);<br>2. Excessive / Unreasonable Force (U.S. Const. Amend. 4);<br>3. Deliberate Fabrication Of Evidence (U.S. Const. Amend 14.)<br>4. Violation Of Fourth And Fourteenth Amendments – Malicious Prosecution;<br>5. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline Deputies And Officers (U.S. Const. Amends. 1, 4 & 14);<br>6. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 1, 4 & 14)<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiff Billy Trueheart and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff's claims are timely brought as the statute of limitations has been tolled. The California Judicial Council enacted Emergency Rule 9 which tolled the statute of limitations for all civil actions from April 6, 2020 to October 1, 2020. Plaintiff's claims are also tolled pursuant to Cal. Code of Civil Proc. § 352.1 and Cal. Government Code § 945.3.

## GENERAL ALLEGATIONS

4. Plaintiff Billy Trueheart, hereinafter referred to as "TRUEHEART" or "Plaintiff TRUEHEART", is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California.

5. Defendant County of Riverside, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6. Defendant Edwin Baeza, hereinafter also referred to as "BAEZA", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Riverside County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

7 Defendant Rudy Alvarado, hereinafter also referred to as "ALVARADO", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Riverside County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

8. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Riverside County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

COMPLAINT FOR DAMAGES
3

9. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Riverside County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Riverside County Sheriff's Department and/or defendant County of Riverside, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Riverside County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) using excessive force upon persons; 3) for

retaliating against persons for exercising freedom of speech; 4) fabricating evidence to procure the bogus criminal prosecutions of and the false convictions of innocents; and 5) covering up tortious conduct by Riverside County Sheriff's Department peace officers.

11. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Riverside County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

12. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Riverside County Sheriff's Department and/or otherwise with defendant COUNTY[1].

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

13. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

14. In addition to the above and foregoing, Defendants BAEZA, ALVARADO, and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15. Defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (Against BAEZA, ALVARADO and DOES 1 through 6, inclusive)

17. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18. On January 11, 2019, Plaintiff TRUEHEART was pulled over by Riverside County Sheriff's Department Deputies Defendant BAEZA, Defendant ALVARADO and DOES 1 through 6, inclusive, near the corner of Laselle Street and Fir Avenue in Moreno Valley, California.

19. BAEZA, ALVARADO and DOES 1 through 6, inclusive, were assigned to a Special Enforcement Team Gang Unit.

20. TRUEHEART, a school teacher, was driving a rental car.

20. BAEZA, ALVARADO and DOES 1 through 6, inclusive, approached TRUEHEART's vehicle and asked him if there was anything wrong with his vehicle.

21. TRUEHEART responded by saying, "Not that I'm aware of" and then informed them that he was driving a rental car.

22. BAEZA told TRUEHEART that he did not come to a complete stop when making a right turn and did not stop before making a subsequent left turn.

23. Both of these assertions by BAEZA were/are not true.

24. BAEZA asked for TRUEHEART's license and registration. TRUEHEART complied and provided his license but told the defendants that he did not have the registration because the vehicle was a rental.

25. BAEZA then asked TRUEHEART for the keys. TRUEHEART complied and handed the keys to BAEZA.

26. BAEZA then ordered TRUEHEART to exit the vehicle. TRUEHEART complied and exited the vehicle.

27. BAEZA then forcefully grabbed on to TRUEHEART's arm and told TRUEHEART that he was going to search him for his protection.

28. BAEZA began searching TRUEHEART which included touching TRUEHEART's genitals.

29. ALVARADO also searched TRUEHEART.

30. BAEZA, ALVARADO and DOES 1 through 6, inclusive then placed TRUEHEART in handcuffs.

31. BAEZA, ALVARADO and DOES 1 through 6, inclusive, told TRUEHEART that he was under arrest.

32. ALVARADO then told TRUEHEART to sit on the ground.

33. TRUEHEART merely asked why he needed to sit on the ground and explained that he's handcuffed and not going anywhere.

34. As soon as TRUEHEART finished his sentence, BAEZA, ALVARADO and DOES 1 through 6, inclusive, slammed TRUEHART on to the ground.

35. BAEZA, ALVARADO and DOES 1 through 6, inclusive, then dug their knees into TRUEHEART while he was already handcuffed and on the ground.

36. Once BAEZA, ALVARADO and DOES 1 through 6, inclusive, were done brutalizing TRUEHART, they had TRUEHEART get up to sit on the curb.

37. As TRUEHEART was getting to his feet, his knee gave out and he fell back on to the ground.

38. The defendants began insisting that TRUEHEART's car was stolen.

39. Once it was determined that the vehicle was in fact a rental car, the defendants decided that they were still going to arrest TRUEHEART for an alleged violation of California Penal Code § 148(a)(1.)

40. TRUEHEART was then transported to jail where he was booked.

41. BAEZA, ALVARADO and DOES 1 through 6, inclusive, then authored reports which contained several intentional misrepresentations, including alleging that TRUEHEART was physically resisting the defendants.

42. TRUEHART never resisted the defendants.

43. The reports authored by BAEZA, ALVARADO and DOES 1 through 6, inclusive, were then forwarded to the Riverside County District Attorney's

COMPLAINT FOR DAMAGES

Office. BAEZA, ALVARADO and DOES 1 through 6, inclusive, authored the bogus reports in hopes of inducing the Riverside County District Attorney's Office into criminally prosecuting TRUEHART and preventing TRUEHART from obtaining a civil remedy.

44. The Riverside County District Attorney's Office decided to prosecute TRUEHEART and charged him with violating California Penal Code § 148(a)(1.) The Riverside County District Attorney's Office relied upon the misrepresentations of BAEZA and ALVARADO when making their charging decision.

45. During the underlying criminal action, BAEZA and ALVARADO continued to misrepresent what took place during the incident to the Riverside County District Attorney's Office. BAEZA and ALVARADO even took the stand at TRUEHEART's criminal trial and misrepresented what took place.

46. At the conclusion of the prosecutor's presentation of the evidence in TRUEHEART's criminal trial, the superior court judge dismissed the action pursuant to California Penal Code § 1118.1.

47. As complained of herein above, none of the defendants to this action had a warrant for plaintiff's arrest, nor probable cause to believe that plaintiff had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

48. Accordingly, the seizure of plaintiff by Defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, by threatened use of force,

constituted an unlawful and unreasonable seizure of plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

49. As a direct and proximate result of the actions of defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $6,000,000.00.

50. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $4,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against BAEZA, ALVARADO and DOES 1 through 6, inclusive)**

51. Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 50 inclusive, above, as if set forth in full herein.

52. As mentioned above and in addition to the above and foregoing, when TREUHEART was unlawfully arrested, he was physically tortured by BAEZA,

ALVARADO and DOES 1 through 6, inclusive.

53. The actions of Defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of TRUEHEART rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

54. As a direct and proximate result of the actions of Defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, TRUEHEART was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $6,000,000.00.

55. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of TRUEHEART's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $4,000,000.00.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES
12

# THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Rights - Deliberate Fabrication of Evidence
### (Against BAEZA, ALVARADO and DOES 1 through 6, inclusive)

56.     Plaintiff hereby realleges and incorporates by reference the Allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in full herein.

57.     BAEZA, ALVARADO and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute TRUEHEART.

58.     The reports authored by BAEZA, ALVARADO and DOES 1 through 6, inclusive, are littered with material misrepresentations. The reports allege that TRUEHEART was resisting with the deputies (something that the defendants knew was not true) and that he committed various vehicle code violations (something that the defendants knew was not true.) The reports were ultimately submitted to the Riverside County District Attorney's Office and relied upon during the prosecution of TRUEHEART.

59.     Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of TRUEHEART.

60.      The actions of BAEZA, ALVARADO and DOES 1 through 6,

COMPLAINT FOR DAMAGES
13

inclusive, as Complained of herein, constituted a violation of TRUEHEART's rights under the Fourteenth Amendment to the United States Constitution.

61.  As a direct and proximate result of the actions of Defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, as complained of herein, TRUEHEART: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $6,000,000.00.

62.  The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of TRUEHEART's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**FOURTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation Of Fourth And Fourteenth Amendment Right**
**(By BAEZA, ALVARADO and DOES 1 through 6, inclusive)**

63.  Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64.  As shown above, BAEZA, ALVARADO and DOES 1 through 6, inclusive, falsely arrested plaintiff TRUEHEART.

65.   Also as shown above, BAEZA, ALVARADO and DOES 1 through 6, inclusive, knew that plaintiff TRUEHEART had not committed any crimes, and, nonetheless, authored bogus reports, intentionally testified untruthfully, and accused plaintiff TRUEHEART of various acts to show that plaintiff had committed a crime.

66.   Said reports and testimony by BAEZA, TRUEHEART and DOES 1 through 6, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the Riverside County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of the plaintiff TRUEHEART.

67.   Moreover, said criminal action against TRUEHEART was terminate in his favor, in a manner inconsistent with guilt.

68.   Moreover, as shown above, none of said defendant deputies had probable cause to believe that TRUEHEART committed a crime.

69.   Moreover, said criminal action was procured by said defendants with malice.

70.   Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

COMPLAINT FOR DAMAGES

71. As a direct and proximate result of the actions of defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real and personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $6,000.000.00.

72. The actions of defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive exemplary damages against all defendants, save for defendant COUNTY, in an amount to be proven at trial which is in excess of $4,000,000.00.

### FIFTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
(Against Defendant COUNTY)

73. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 72, inclusive, above, as if set forth in full herein.

74. As complained of herein above, the acts of Defendants BAEZA, ALVARADO and DOES 1 through 6, deprived plaintiff of his rights under the laws of the United States and The United States Constitution.

75. The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on: 1) when they are permitted to arrest persons; and 2) when they are permitted to use force against persons and the reasonable amount of force.

76. COUNTY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

77. The failure of COUNTY to provide adequate training caused the deprivation of plaintiff's rights by Defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive.

78. COUNTY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

79. As a direct and proximate result of the actions COUNTY, complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's

fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $6,000,000.00.

## SIXTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom
### (Against Defendant COUNTY)

80. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 79 inclusive, above, as if set forth in full herein.

81. As shown above, the actions of Defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

82. At all times complained of herein, Defendants BAEZA, ALVARADO and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Riverside County Sheriff's Department / defendant COUNTY: 1) for unlawfully arresting persons; 2) for using excessive force upon persons; and 3) for covering-up unlawful and tortious conduct by Riverside County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

83. Said actions of said defendants were done by them under the color of state law.

84.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY, above-described, said defendants committed said actions complained of above.

85.     As a direct and proximate result of the actions of defendants COUNTY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $6,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:
- a) For a judgment against all defendants for compensatory damages in an amount in excess of $6,000,000.00;
- b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $4,000,000.00;
- c) For an award of reasonable attorney's fees and costs;
- d) For a trial by jury; and
- e) For such other and further relief as this honorable court deems just and equitable.

/S/ Gregory Peacock_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES